## ALDREDGE v. ALDREDGE et al.
### (No. 1989.)

(Court of Civil Appeals of Texas. Texarkana. June 6, 1918.)

HUSBAND AND WIFE ⬦274(1) — COMMUNITY PROPERTY.

Where husband paid consideration for deed in his name only, and subsequently died, devising all property in equal shares to wife, stepson, and four children, the property having been community property, a son, who purchased the rights of all the children, would be legally regarded as having acquired title by purchase from the grantor in the deed to a one-half undivided interest, and was entitled to sixteen twenty-fourths, the widow to seven twenty-fourths, and the stepson to one twenty-fourth of the land.

Appeal from District Court, Camp County; J. A. Ward, Judge.

Action by Susan Aldredge against Tom Aldredge and others, in which Douglass Jones joined as plaintiff. Judgment for plaintiff Aldredge in part, and defendant Aldredge appeals. Cause remanded.

The appellee Susan Aldredge brought the action in trespass to try title to 100 acres of land. Afterwards Douglass Jones joined in the suit as a party plaintiff, claiming under a will a one-twelfth undivided interest in the land. Rufus Cummings and Peter White, as executors of the estate of T. A. Aldredge, deceased, were made parties to the suit, but disclaimed any interest in the land. The appellant, Tom Aldredge, who was the defendant, answered by plea of not guilty, and specially that he was the owner of a sixteen twenty-fourths undivided interest in the land, and that plaintiff Susan Aldredge owned seven twenty-fourths and Douglass Jones one twenty-fourth undivided interest in the land, and asked for a decree of partition. The case was tried before the court without a jury, and judgment was entered, establishing the interest of Susan Aldredge in the land as seven-twelfths thereof, the interest of Douglass Jones as one-twelfth, and the interest of appellant as four-twelfths or one-third; and the land was ordered partitioned in the proportions above set out. The court made the findings of fact set out below:

"(1) I find that on the 30th day of October, 1900, J. B. Florence and M. E. Florence, his wife, by their deed duly acknowledged, conveyed to T. A. Aldredge the land described in plaintiff's petition and in controversy in this suit, situated in Camp county, Texas. The consideration for said deed was $800, recited in the deed to have been paid by T. A. Aldredge as follows: $300 in cash and one $200 cash note, due November 1, 1900, with interest at 10 per cent. from date, and one note of $300, due December 1, 1901, with interest from date at the rate of 10 per cent. per annum.

"(2) I find that on February 16, 1898, said T. A. Aldredge was married to the plaintiff Susie Aldredge, and that they lived together as husband and wife until the death of T. A. Aldredge, on or about the 10th day of January, 1915, and were husband and wife at the date of the execution of the deed to T. A. Aldredge by J. B. Florence and wife, as above recited, and at the date of the payment of the purchase-money notes, as recited in said deed.

"(3) I find that the cash recited in said deed and the notes therein recited were paid by T. A. Aldredge, the grantee in said deed and husband of Susie Aldredge, to Dr. J. B. Florence, who was the owner of the notes at the time they matured, and therefore the land conveyed by said deed was the community property of T. A. Aldredge and his wife, Susie Aldredge, at the date of the death of T. A. Aldredge.

"(4) I find that T. A. Aldredge, the grantee in said deed, died in Hill county, Texas, on or about the 8th or 10th day of January, 1915, and that he left a will, which was duly probated on the 1st day of March, 1915, in the probate court of Hill county, Texas, and that by the terms of the said will all of the estate of the said T. A. Aldredge, both real and personal, was disposed of as follows, in the third paragraph of said will:

"'I give, devise and bequeath to my beloved wife Susie Aldredge and to my stepson Douglass Jones, and to my beloved daughters Carrie Crosby and Mary Jordan, and to my sons Henry Aldredge and Tom Aldredge, Jr., all my property, real, personal and mixed, of every character whatsoever, which I may be seised and possessed of at the time of my death, in equal portions, share and share alike, in fee simple, absolutely and forever.'

"(5) I find that Tom Aldredge, the defendant herein, at the date of the filing of this suit, was the owner by legal transfer of all the interest in the property bequeathed by said will of T. A. Aldredge to his daughters, Carrie Crosby and Mary Jordan, and his sons, Henry and Tom Aldredge, Jr., and that at that time the plaintiffs, Susie Aldredge and her son, Douglass Jones, and the defendant Tom Aldredge, were the owners of the land described in plaintiff's petition in the proportion as follows: Susie Aldredge, an undivided interest of seven-twelfths; Douglass Jones, an undivided interest of one-twelfth; and Tom Aldredge, an undivided interest of four-twelfths."

Roy Patterson, Smith & Bryson, and C. G. Engledow, all of Pittsburg, for appellant. E. A. King, of Pittsburg, for appellees.

LEVY, J. (after stating the facts as above). The question in the case is whether the evidence established a trust in the land in suit in favor of appellant; and appellant challenges the third finding of the court that the consideration for the land was paid by T. A. Aldredge. It is believed that the evidence in the record so conclusively shows a joint purchase of the land by T. A. Aldredge and his son Tom Aldredge as to require that finding of fact; and in virtue of this fact, here adopted, the appellant would be legally regarded as having acquired title by purchase from Dr. Florence to a one-half undivided interest. Sachs v. Goldberg, 159 S. W. 92.

The judgment is here so reformed, therefore, as to allow and establish the interest of appellant in the land as sixteen twenty-fourths thereof, the interest of Susan Al-

dredge as seven twenty-fourths, and the interest of Douglass Jones as one twenty-fourth; costs of appeal to be taxed against appellees. The cause is remanded for partition in accordance with this judgment.

